McCORRISTON MILLER MUKAI MacKINNON LLP

D. SCOTT MacKINNON       #1403-0
JORDON J. KIMURA        #9182-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaiʻi 96813
Telephone No.:    (808) 529-7300
Facsimile No.:    (808) 524-8293
E-mail:       mackinnon@m4law.com
              kimura@m4law.com

Attorneys for Plaintiff
ROMSPEN INVESTMENT CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROMSPEN INVESTMENT CORPORATION,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JPL HAWAII, LLC; BRIAN ANDERSON; IOLANI ISLANDER, LLC; SUPERIOR INVESTMENTS XIX, INC.; DOMINIS ANDERSON, as Trustee, under that certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust; KUKULU, INC.; KUKULU INVESTMENT FUND; MAXUM CONSTRUCTION OF | Civil No. 20-00345 HG-RT<br><br>STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; SCHEDULE A<br><br>[***Related to Dkt. # 90***]<br><br>Judge:  The Hon. Helen Gillmor<br>Magistrate Judge:  The Hon. Rom A. Trader |

426085.1

HAWAII LLC,

Defendants.

STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT
CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND
INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES

On April 19, 2021, Plaintiff ROMSPEN INVESTMENT CORPORATION

("**Romspen**") filed its *Motion for Summary Judgment and Interlocutory Decree of*

*Foreclosure Against All Parties* ("**Motion**").  Dkt. # 90.  By way of the Motion,

Romspen seeks summary judgment and an interlocutory decree of foreclosure on

those certain parcels of real property located at Waikoloa, South Kohala, County of

Hawai'i, also identified by the Tax Map Key Nos. listed on Schedule A attached

hereto (collectively, the "**Mortgaged Property**").[1]

IT IS HEREBY STIPULATED, by and among Romspen, JPL Hawaii, LLC

("**JPL**"), Brian Anderson ("**Anderson**"), Iolani Islander, LLC ("**Iolani Islander**"),

and Superior Investment XIX, Inc. ("**Superior**"), and Kukulu, Inc. ("**Kukulu**"),

through their respective counsel, and DOMINIS ANDERSON, as Trustee, under

---

[1] For purposes of the Motion and this Stipulation and Order, the Mortgaged
Property does not include Lot 2 (TMK No. (3) 6-9-013-002) and Lot 5 (TMK No.
(3) 6-9-013-005) of the subject property, which is the subject of a partial and
separate settlement agreement among Romspen, Kukulu, Inc., and JPL Hawaii,
LLC.  Accordingly, this Stipulation and Order, including any findings of fact,
conclusions of law, and/or determinations by the Court, shall not be binding on
Kukulu as to Lot 2 and Lot 5, and shall be without prejudice and without waiving
any of Kukulu's or any other party's rights, claims, and/or defenses as to those lots.

that certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust, that the Court shall enter the following Findings of Fact, Conclusions of Law, and Order related to the Motion.

## **FINDINGS OF FACT**

To the extent that any Findings of Fact are more properly construed as Conclusions of Law, they shall be so construed.

1.      Romspen is, at all relevant times was, a corporation organized and existing under and by virtue of the laws of the Province of Ontario, Canada.

2.      JPL is, and at all relevant times was, a Hawai'i limited liability company.

3.      Anderson is a resident of the County of Hawaii, State of Hawaii.

4.      Iolani Islander is, and at all relevant times was, a Hawai'i limited liability company.

5.      Superior is, and at all relevant times was, a Colorado corporation.

6.      JPL is the current fee simple owner of the Mortgaged Property.

7.      On or about October 19, 2015, Romspen and JPL executed a Loan Agreement ("***Loan Agreement***") for a loan with a principal amount of $16,300,000.00 with Romspen as the lender and JPL as the borrower ("***Loan***") related to the development of the Mortgaged Property.

8.      On or about October 19, 2015, JPL, for value received and pursuant to the Loan Agreement, executed and delivered to Romspen a Promissory Note in the principal sum of $16,300,00.00 ("***Original Note***").

9.      Romspen and JPL have entered into subsequent agreements related to the Original Note, most recently being the October 31, 2018 Agreement Regarding Third Amended and Restated Promissory Note ("***Agreement Regarding Third Amended and Restated Note***"), which agreements have resulted in the Original Note and its amended and restated versions being fully and completely replaced by the Third Amended and Restated Promissory Note dated October 31, 2018, in the aggregate principal amount of $32,707,000.00 (the "***Note***").

10.     The Loan is secured, in part by way of, among other documents, that certain Real Property Mortgage and Financing Statement, dated as of October 19, 2015 made by JPL in favor of Romspen and recorded in the Bureau of Conveyances of the State of Hawaiʻi ("***Bureau***") as Document No. A-57720927, as amended by (a) instrument dated February 14, 2017, recorded in the Bureau as Document No. A-62540322, (b) instrument dated October 30, 2017, recorded in the Bureau as Document No. A-65160438, and (c) instrument dated October 31, 2018, recorded as Document Nos. A-68860376A and A-68860376B (collectively, the "***Mortgage***").

11.     Romspen and JPL further made and executed:

4

(i)     the February 14, 2017 First Amendment and Supplement to Loan Agreement between Romspen and JPL ("***First Loan Amendment***"), which amended and supplemented the Loan Agreement, the Note, the Mortgage and other Loan Documents evidencing and securing the Loan, for the purpose of making an additional loan to JPL with a principal amount of $7,200,000.00 with Romspen as the lender and JPL as the borrower ("***First Additional Loan***"), and which further states that as additional consideration for Romspen's agreement to make the First Additional Loan to JPL, the Loan Agreement now includes a grant and assignment by JPL to Romspen of a contingent fifty percent (50%) participating interest in and to the Net Profits received by JPL from the sale and/or development of the portion of the Mortgaged Property identified therein as Waikoloa Homesite Lots 1 through 6;

(ii)    the October 30, 2017 Second Amendment and Supplement to Loan Agreement between Romspen and JPL ("***Second Loan Amendment***"), which amended and supplemented the Loan Agreement, the Amended and Restated Note, the First Amendment to Mortgage and the other Loan Documents

5

evidencing and securing the Loan and First Additional Loan,
for the purpose of making an additional loan to JPL with a
principal amount of $2,500,000.00 with Romspen as the lender
and JPL as the borrower ("***Second Additional Loan***"); and

(iii)   the October 31, 2018 Third Amendment and Supplement to
Loan Agreement between Romspen and JPL ("***Third Loan
Amendment***"), which amended and supplemented the Loan
Agreement, as amended by the First Loan Agreement and the
Second Loan Agreement, the Second Amended and Restated
Note, the Second Amendment to Mortgage and the other Loan
Documents evidencing and securing the Loan and First
Additional Loan, and Second Additional Loan for the purpose
of making an additional loan to JPL with a principal amount of
$6,707,000.00 with Romspen as the lender and JPL as the
borrower.

12.     Romspen is the original and current holder of the Loan Agreement, as
amended by the First Loan Amendment, Second Loan Amendment, and Third
Loan Agreement, Third Amended and Restated Note, the Mortgage, and the other
Loan Documents noted herein and has full power and authority to initiate and
prosecute this action on its behalf and/or as the real party in interest.

426085.1

13.     Anderson, individually, and Iolani Islander made and executed a

Guaranty dated October 19, 2015, as amended by (a) instrument dated February

14, 2017, (b) instrument dated October 30, 2017, and (c) instrument dated October

31, 2018 (as amended, the "*Guaranty*") in favor of Romspen under the terms of

which Anderson and Iolani Islander each guaranteed the Note, and agreed that, in

the event of default by JPL, they would pay up to $8,176,750.00, which is defined

in the Guaranty as the Recourse Maximum, and that they shall be fully liable to

Romspen for the full amount of the Loan in the event, among others as stated in the

Guaranty, that JPL fails to obtain Romspen's consent to any subordinate financing

or other voluntary lien encumbering the Mortgaged Property.

14.     To summarize the foregoing, the above-referenced loans to JPL were

made in a series of loans spread over three years, consisting of:

A.     The Loan in October 2015 of $16.3 million with the original

interest rate of 13.5% per annum, which was reduced from 13.5% to 11.5%

per annum effective as of February 2017;

B.     The First Additional Loan of $7.2 million made in February

2017 at an interest rate of 11.5% per annum;

C.     The Second Additional Loan of $2.5 million made in

November 2017 at an interest rate of 8.0% per annum; and

D.     The Third Additional Loan of up to $6,707,000.00 made in

7

October 2018 at an interest rate of 11.5% per annum.

15.     The aggregate principal amount that could be borrowed across all loans as of October 2018 was $32,707,000.00.

16.     Anderson, individually, and Iolani Islander made and executed a Completion Guaranty dated October 19, 2015, as amended by (a) instrument dated February 14, 2017, (b) instrument dated October 30, 2017, and (c) instrument dated October 31, 2018 (as amended, the "*Completion Guaranty*") in favor of Romspen under the terms of which each guaranteed and agreed therein, to timely performance and completion of construction of the work on the Mortgaged Property as described in the pertinent construction contract(s).

17.     On or about November 1, 2019, Superior made a loan in the principal amount of $16,000,000 (the "**Superior Loan**") to Anderson and certain parties not present in this action (referred to herein as the "**Kapalaoa Borrowers**").

18.     The Loan is evidenced by that certain Promissory Note, dated as of November 1, 2019 in the principal amount of $16,000,000, executed by each of the Kapalaoa Borrowers ("**Superior's Note**").

19.     As security for repayment of Superior 's Note and the performance and observance of the obligations of the Kapaloa Borrowers thereunder, JPL granted, executed and delivered to Superior that certain Mortgage, Security Agreement, and Financing Statement (Fixture Filing) dated November 4, 2019,

8

which was recorded in **Bureau** as Document No. A-72470449 (the "**JPL Ainamalu Mortgage**"), together with that certain Assignment of Leases and Rents recorded in the Bureau as Document No. A-72470452, covering and granting Superior a mortgage lien and security interest in and to the real property described therein, together with interests in leases, space leases and rental agreement derived from said property.

20.     As further security for repayment of Superior's Note and the performance and observance of the obligations of the Kapaloa Borrowers under the Note, Defendant Trustee Dominis Anderson granted, executed and delivered to Superior that certain Mortgage, Security Agreement, and Financing Statement (Fixture Filing) dated November 4, 2019, which was recorded in the Bureau as Document No. A-72470450 (the "**Trust Ainamalu Mortgage**"), covering and granting Superior a mortgage lien and security interest in and to the real property described therein.  As used herein, the JPL Ainamalu Mortgage and Trust Ainamalu Mortgage are referred to collectively as the "**Superior Mortgages**").

21.     The real property subject to the lien as security for repayment of Superior's Note and established by the Superior Mortgages is described in Exhibit B attached to each (collectively "**Superior's Claimed Property**").

22.     Superior's Claimed Property is a portion of the Mortgaged Property.

9

23.     The lien ("**Superior's Lien**") represented by the Superior Mortgages encumbering Superior's Claimed Property is the next junior lien to the Mortgage.

24.     JPL was, and currently still is, in default under the terms of the Note and Loan Agreement, as amended by the First Loan Amendment, Second Loan Amendment and Third Loan Agreement, the Third Amended and Restated Note, the Third Amendment to Mortgage, and the other Loan Documents noted herein, in that it has breached its covenant to pay the sums owing thereunder at the times the same became due and payable.

25.     JPL is in material default under the Mortgage.

26.     By reason of said breaches, Romspen has exercised its option under the terms and covenants of said Note and Mortgage to declare the entire principal balance due under said Note and Mortgage, together with interest, immediately due and payable.

27.     Due notice has been given to JPL, Anderson, and Iolani Islander of Romspen's exercise of said option, and that although Romspen has made demand upon JPL, Anderson, and Iolani Islander for payment of the sums due under said Note and Mortgage, JPL, Anderson, and Iolani Islander have failed, neglected and refused and still fails, neglects and refuses to pay the same.

28.     Romspen provided notice to Anderson and Iolani Islander that JPL was in default under the terms of the Note and Loan Agreement, as amended by

the First Loan Amendment, Second Loan Amendment and Third Loan Agreement, the Third Amended and Restated Note, the Third Amendment to Mortgage, and the other Loan Documents noted herein, and it had breached its covenant to pay the sums owing thereunder at the times the same became due and payable.

29.     Anderson and Iolani Islander have failed to pay such sums pursuant to the Guaranty.

30.     For the Mortgaged Property, Romspen maintains four separate accounts for each of the loans:

> Loan – Account No. 8418
>
> First Additional Loan – Account No. 84181
>
> Second Additional Loan – Account No. 84182
>
> Third Additional Loan – Account No. 84183

31.     As of April 5, 2021, the amounts due to Romspen by JPL, Anderson and Iolani Islander are as follows:

A.     As to the Loan (Account No. 8418):

| | |
|---|---|
| Unpaid Principal: | $15,719,737.13 |
| Unpaid Interest: | $2,483,527.35 |
| Late Charges: | $47,199.34 |
| Total: | $18,250,463.82 |

Plus, per diem interest at the rate of $7,204.88 per day.

B.     As to the First Additional Loan (Account No. 84181):

| Unpaid Principal: | $7,200,000.00 |
| Unpaid Interest: | $1,878,104.16 |
| Late Charges: | $21,160.00 |
| Total: | <u>$9,099,264.16</u> |

Plus, per diem interest at the rate of $3,300.00 per day.

      C.     As to the Second Additional Loan (Account No. 84182):

| Unpaid Principal: | $2,102,294.55 |
| Unpaid Interest: | $556,589.79 |
| Late Charges: | $4,251.31 |
| Total: | <u>$2,663,135.65</u> |

Plus, per diem interest at the rate of $759.16 per day.

      D.     As to the Third Additional Loan (Account No. 84183):

| Unpaid Principal: | $1,707,437.74 |
| Unpaid Interest: | $381,993.20 |
| Late Charges: | $5,017.97 |
| Total: | <u>$2,094,448.91</u> |

Plus, per diem interest at the rate of $782.58 per day.

      32.     On April 19, 2021, Romspen filed the Motion, which included the Declaration of Indebtedness signed by Vince Berry, counsel for Romspen with personal knowledge of the matters herein, in which he attested, in pertinent part, at

paragraph 34, that the amounts due and owing under the above-described Loan Agreement, Note, and Mortgage, is $32,107,312.54, together with additional total per diem interest of $12,046.62 each and every day after April 5, 2021, until paid, accruing late charges and other expenses, as well as attorneys' fees and costs incurred in connection with collecting the debt, all of which constitute a lien upon the Mortgaged Property.

33.     In the Mortgage, it is provided that Romspen, as the mortgagee thereunder, may be the purchaser at any foreclosure sale.

34.     On April 30, 2021, Romspen, JPL, and Kukulu, Inc. ("*Kukulu*") executed that certain *Partial Settlement Agreement Regarding Sale of Lots 2 and 5* ("***Kukulu Settlement***") wherein Romspen, JPL, and Kukulu agreed that those parcels of real property identified by Tax Map Key No. (3) 6-9-013-002 ("***Lot 2***") and Tax Map Key No. (3) 6-9-013-005 ("***Lot 5***") would be marketed and sold separate and apart from the Mortgaged Property.

35.     Accordingly, Lot 2 and Lot 5 are not subject to foreclosure under this Stipulation and Order and Kukulu is not a necessary party to this Stipulation and Order.

36.     Romspen has withdrawn all claims against Maxum Construction of Hawaii LLC by way of the *Notice of Dismissal of Defendant Maxum Construction of Hawaii LLC*, filed October 16, 2020.  *See* Dkt. # 39.

13

426085.1

37.     On October 16, 2020, the Clerk of Court entered default against Defendant Dominis Anderson, as Trustee, under the certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust.  *See* Dkt. # 41.

38.     By way of the *Stipulation for Dismissal Without Prejudice of Kukulu Investment Fund*, filed December 14, 2020, Kukulu Investment Fund has been dismissed from this action without prejudice.  *See* Dkt. # 67.

39.     There is no just reason for delay in entering final judgment for interlocutory decree of foreclosure as to Romspen's Amended Complaint herein.

## <u>CONCLUSION OF LAW</u>

To the extent that any Conclusion of Law are more properly construed as Findings of Fact, they shall be so construed.

A.      There is due, owing, and unpaid to Romspen from JPL, Anderson, and Iolani Islander the total sum of $32,107,312.54, as of April 5, 2021, with interest accruing thereafter at the per diem rate of $12,046.62, together with such other and further amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the Note and Loan Agreement, as amended by the First Loan Amendment, Second Loan Amendment and Third Loan Agreement, the Third Amended and Restated Note, the Third Amendment to Mortgage, and the

14

other Loan Documents held by Romspen, including interest, costs, expenses, late fees, other charges, and attorneys' fees as the Court shall determine.

B.     Romspen is entitled to have its Mortgage foreclosed upon and to have the Mortgaged Property sold in a manner subscribed by law, free and clear of any and all junior and subordinate liens and encumbrances, including without limitation the Superior Mortgage.

C.     There are no genuine issues as to any material facts herein and Romspen is entitled to judgment as a matter of law on its Amended Complaint and to have an Interlocutory Decree of Foreclosure entered by the Court.

D.     Default judgment shall be entered against Defendant DOMINIS ANDERSON, as Trustee, under that certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust, who may claim an interest in the Mortgaged Property (the "***Anderson Trust Defendant***"), and the Mortgaged Property is free and clear of any lien or claim of the Anderson Trust Defendant, because an entry of default was entered against the Anderson Trust Defendant on October 16, 2020, and the Anderson Trust Defendant has not moved to set aside that entry of default.

E.     This Court expressly directs that final judgment shall be entered as to Romspen's Amended Complaint and to the Interlocutory Decree of Foreclosure

against Defendants, and all of the other parties hereto pursuant to Fed. R. Civ. P. 54(b) as there is no just reason for delay.

      F.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to Chapter 667 of the Hawaiʻi Revised Statutes.

## INTERLOCUTORY DECREE OF FORECLOSURE AND ORDER OF SALE

Pursuant to the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     That this Court has jurisdiction over the parties and the subject matter of this action pursuant to Chapter 667 of the Hawaiʻi Revised Statutes.

2.     That Romspen is entitled to judgment as a matter of law on its Amended Complaint.

3.     That Romspen's request for summary judgment against Defendants and for Interlocutory Decree of Foreclosure is hereby granted.

4.     That the first lien mortgage of Romspen on the Mortgaged Property shall be foreclosed in the manner prescribed by law, and the Mortgaged Property subject to the Mortgage shall be sold at public auction, free and clear of any and all junior and subordinate liens and encumbrances, including without limitation the Superior Mortgage.  The parcels subject to the Mortgage and which are the subject of this foreclosure motion are those parcels of real property located at Waikoloa,

16

South Kohala, County of Hawaiʻi, also identified by the Tax Map Key Nos. listed on Schedule A attached hereto.

5.      That the Receiver/Commissioner shall advertise the Mortgaged Property once each week in a newspaper of general circulation in the county where the properties are located for three (3) consecutive weeks, with the public auction to take place no sooner than fourteen (14) days after the appearance of the third advertisement.  That Romspen shall advance to the Receiver/Commissioner the costs to advertise a public auction sale of the Mortgaged Property.

6.      Provided that the public auction shall be completed within one hundred (100) days of the filing of the Interlocutory Decree of Foreclosure, and the Receiver/Commissioner's Report to be filed within seven (7) days of the public auction.  The holding of the public auction for the Mortgaged Property within said one hundred (100) day period shall be deemed in compliance with this requirement.

7.      There shall be no upset price and the Receiver/Commissioner shall accept the highest bid at public auction in the manner prescribed herein and as prescribed by law.  The sum of ten percent (10%) of the highest bid price shall be paid by the successful bidder at the fall of the hammer in cash, certified check or cashier's check, and the balance shall be paid concurrently with delivery of the documents transferring title, provided that Romspen may satisfy the down payment

by way of offset up to the total amount of Romspen's secured indebtedness as set

forth herein, plus per diem interest accruing thereon at the rate of $12,046.62 per

day from and after April 5, 2021.  At the Court's discretion, the 10% down

payment may be forfeited in full or in part if the purchaser shall fail to pay the

balance of the purchase price as hereinafter set forth.  In no event shall the

purchaser be liable for damages greater than the forfeiture of the 10% down

payment.  The balance of said purchase price shall be paid to the

Receiver/Commissioner upon approval and confirmation of the sale, provided that

Romspen may satisfy the balance of the purchase price by way of credit bid up to

the total amount of its secured indebtedness as set forth herein, plus per diem

interest accruing thereon at the rate of $12,046.62 per day from and after April 5,

2021, as appropriate, in the event it is the purchaser at foreclosure sale, and

provided, further that if Romspen is the successful purchaser through foreclosure,

Romspen shall nonetheless be responsible for and shall pay in cash the Court

approved Receiver/Commissioner's fees, costs and expenses, and the other costs of

completing the transfer of title as set forth in the immediately following sentence.

The purchaser shall pay costs of conveyancing, recordation, conveyance tax and

costs of possession and real property taxes shall be prorated as of the date of

delivery of the documents transferring title.  Such sale shall not be final until

approved by the Court.  A private offer in lieu of a public auction sale may be

426085.1

accepted at the Receiver/Commissioner's discretion, subject to confirmation by this Court.  Any party herein, including the Receiver/Commissioner, may file a motion to confirm any such private sale.

8.      The Receiver/Commissioner is entitled to legal and equitable possession of the Mortgaged Property and may do all acts necessary in the management and control of the Mortgaged Property.  In the event the Receiver/Commissioner deems it advisable to remove the occupants and their personal belongings and/or the personal property of the owners of the Mortgaged Property, the Receiver/Commissioner may obtain a Writ of Possession and at the Receiver/Commissioner's sole discretion arrange for the removal of said occupants and their personal effects to a suitable storage area for storage.  If such personal effects are not claimed within thirty (30) days following initial storage, the Receiver/Commissioner may, in the Receiver/Commissioner's sole discretion, dispose of such personal belongings in a commercially reasonable manner, as provided by law, or alternatively, by further order of this Court.  Any funds generated by such sale shall be distributed according to the further order of this Court.

9.      That the Receiver/Commissioner shall file herein an accurate accounting of all his receipts and expenses; that _____ whose address is _____,

19

426085.1

and whose telephone number is _____, is appointed the

Receiver/Commissioner by this Court, and as Receiver/Commissioner she/he is

authorized and directed to make the sale of foreclosure as herein set forth, and that

said Receiver/Commissioner shall be awarded such fees as this Court shall

determine to be reasonable.  The Receiver/Commissioner's fees and costs shall be

deemed to be secured by Romspen's liens on the Mortgaged Property.

10.    That a further hearing shall be held to consider the confirmation of the

foreclosure sale, the amounts owing to Romspen from JPL, Anderson, and Iolani

Islander, the amount of fees to be awarded to the Receiver/Commissioner, the

amount of the attorney's fees and costs reasonably incurred by Romspen under the

Note and Mortgage to be awarded to Romspen; the hearing to be held, if possible,

within thirty (30) days of the date of the public auction sale of the Mortgaged

Property.

11.    That at the hearing on confirmation hereinabove mentioned, Romspen

shall be allowed to prove the amount of its lien, and that the priority of such lien

and Superior's Lien be determined.

12.    That at the hearing on confirmation hereinabove mentioned, if it

appears that the proceeds of such sale shall be insufficient to pay all the amounts

owing to Romspen from JPL, Anderson, and Iolani Islander, and a deficiency

exists after closing of such sale, judgment shall be entered for such deficiency

426085.1

against JPL, Anderson, and Iolani Islander and in favor of Romspen, as approved and entered by the Court.

13.     That any and all proceeds of such sale in excess of Romspen's lien and that is attributable to Superior's Claimed Property shall be set aside by the Court for the benefit of Superior and shall remain subject to Superior's Lien, pending Superior's proof of the amount of Superior's Lien.

14.     That all parties hereto, including but not limited to JPL, Anderson, and Iolani Islander and all other parties by, through or under them, except any governmental agency enforcing a lien for unpaid real property taxes as to the Mortgaged Property will be perpetually barred from any and all right, title and interest in the Mortgaged Property or any part thereof upon closing of the foreclosure sale or sales herein authorized.

15.     Pursuant to HRS Section 634-51, as amended, any and all other or further encumbrances or purchasers or persons in respect to the Mortgaged Property or any part thereof, whose interest arises from and after September 24, 2020 are hereby forever barred of and from any and all right, title and interest in and to the Mortgaged Property and every part thereof upon closing of the sale herein authorized.

16.     That pursuant to Fed. R. Civ. P. 54(b), this Court expressly determines and directs that this Order is a final judgment, as there is no just reason for delay.

426085.1

17.     That Romspen shall have such other and further relief as the Court may deem to be proper and appropriate in the premises.

DATED:  Honolulu, Hawai'i, October 20, 2021.

/s/  Jordon J. Kimura
D. SCOTT MacKINNON
JORDON J. KIMURA

Attorneys for Plaintiff
ROMSPEN INVESTMENT
CORPORATION


/s/  Casey T. Miyashiro
MARK M. MURAKAMI
CASEY T. MIYASHIRO
STEVEN R. JAKUBOWSKI

Attorneys for Defendants
JPL HAWAII, LLC, BRIAN ANDERSON,
AND IOLANI ISLANDER, LLC


/s/  Matthew A. Cohen
MICHAEL L. LAM
MATTHEW A. COHEN
STEVEN E. TOM

Attorneys for Defendant
SUPERIOR INVESTMENTS XIX, INC.

---

*Romspen Investment Corporation v. JPL Hawaii LLC et al.*, Civil No. 20-00345 HG-RT; **STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; SCHEDULE A**

426085.1

/s/  Regan M. Iwao
REGAN M. IWAO
MICHAEL S. ZOLA

Attorneys for Defendant
KUKULU, INC.



DOMINIS ANDERSON, AS TRUSTEE,
UNDER THAT CERTAIN TRUST
AGREEMENT DATED MAY 14, 2018,
AND KNOWN AS THE GC
IRREVOCABLE TRUST AND UNDER
THAT CERTAIN TRUST AGREEMENT
DATED MAY 14, 2018, AND KNOWN AS
THE BC IRREVOCABLE TRUST

Honolulu, Hawaii, November 5, 2021.
APPROVED AND SO ORDERED:

Helen Gillmor
United States District Judge

---

*Romspen Investment Corporation v. JPL Hawaii LLC et al.*, Civil No. 20-00345 HG-RT; **STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; SCHEDULE A**

# SCHEDULE A

TAX MAP KEY

(3) 6-9-012-001
(3) 6-9-012-002
(3) 6-9-012-003
(3) 6-9-012-005
(3) 6-9-012-006
(3) 6-9-012-007
(3) 6-9-013-001
(3) 6-9-013-041
(3) 6-9-013-042
(3) 6-9-013-043
(3) 6-9-013-044
(3) 6-9-013-045
(3) 6-9-013-046
(3) 6-9-014-001
(3) 6-9-014-002
(3) 6-9-014-003
(3) 6-9-015-001
(3) 6-9-015-002
(3) 6-9-015-003
(3) 6-9-015-004
(3) 6-9-015-005
(3) 6-9-015-006
(3) 6-9-015-007
(3) 6-9-015-008
(3) 6-9-015-009
(3) 6-9-015-010
(3) 6-9-015-011
(3) 6-9-015-012
(3) 6-9-015-013
(3) 6-9-015-014
(3) 6-9-015-015
(3) 6-9-015-016
(3) 6-9-015-017
(3) 6-9-015-018
(3) 6-9-015-019
(3) 6-9-015-020
(3) 6-9-015-021
(3) 6-9-015-022
(3) 6-9-015-023

(3) 6-9-015-024

426085.1