IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROMSPEN INVESTMENT CORPORATION, | CIV. NO. 20-00345 HG-RT |
| Plaintiff, | |
| vs. | |
| JPL HAWAII, LLC; BRIAN ANDERSON; IOLANI ISLANDER, LLC; SUPERIOR INVESTMENTS XIX, INC.; DOMINIS ANDERSON, AS TRUSTEE, under certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust; KUKULU, INC., | |
| Defendants. | |

| | |
|---|---|
| SUPERIOR INVESTMENTS XIX, INC., | |
| Cross-Claimant, | |
| vs. | |
| DOMINIS ANDERSON, AS TRUSTEE, under certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust; JPL HAWAII, LLC, | |
| Cross-Defendants. | |

| | |
|---|---|
| KUKULU, INC., | |
| Cross-Claimant, | |
| vs. | |

1

```
JPL HAWAII, LLC; BRIAN      )
ANDERSON,                   )
                            )
            Cross-Defendants.)
                            )
_____  )
                            )
                            )
KUKULU, INC.,               )
                            )
            Counter-Claimant, )
                            )
        vs.                 )
                            )
ROMSPEN INVESTMENT CORPORATION,)
                            )
                            )
            Counter-Defendant.)
                            )
_____  )
```

**ORDER GRANTING COUNTER-DEFENDANT ROMSPEN INVESTMENT CORPORATION'S MOTION TO DISMISS COUNTS III AND IV OF COUNTER-CLAIMANT KUKULU, INC.'S COUNTERCLAIM (ECF No. 137)**

The original lawsuit in this case was filed by Plaintiff/ Counter-Defendant Romspen Investment Corporation ("Romspen") against Defendant JPL Hawaii, LLC ("JPL Hawaii") and various other Defendants seeking a decree of foreclosure in favor of Romspen for certain real property located on the Island of Hawaii ("Subject Property").

Beginning in October 2015, Romspen made a series of loans to Defendant JPL Hawaii related to the Subject Property.  Romspen made loans to JPL Hawaii totaling more than $32 million dollars.

Romspen claimed JPL Hawaii defaulted on the loans and moved for foreclosure of the Subject Property.

Defendant/Counter-Claimant Kukulu, Inc. ("Kukulu, Inc.") was named as one of the Defendants in the original case because

Romspen believed Kukulu, Inc. had an interest in part of the Subject Property.

Kukulu, Inc. built a Spec House on Lot 2 and on Lot 5, which were part of the Subject Property. Kukulu, Inc. built the houses pursuant to two Development Agreements that it entered into with JPL Hawaii. Kukulu, Inc. subsequently entered into two Sales Agreements with JPL Hawaii to purchase Lot 2 and Lot 5.

Kukulu, Inc. filed a Counterclaim against Romspen, asserting various causes of action and seeking damages relating to the work it performed on Lot 2 and Lot 5.

Romspen moves to dismiss Counts 3 and 4 for breach of contract in Kukulu, Inc.'s Counterclaim. Romspen argues that Kukulu, Inc. has no standing to bring Counts 3 and 4 because Romspen and Kukulu, Inc. never contracted with each other. Romspen asserts that Kukulu, Inc.'s contracts were exclusively with JPL Hawaii.

Counter-Claim Defendant Romspen's Motion to Dismiss Counts III and IV of the Counterclaim (ECF No. 137) is **GRANTED.**

## PROCEDURAL HISTORY

On August 26, 2020, Plaintiff Romspen filed its FIRST AMENDED COMPLAINT. (First Amended Complaint, ECF No. 12).

On October 20, 2020, Defendant Superior Investments XIX filed its CROSSCLAIM against JPL Hawaii and Dominis Anderson. (ECF No. 43).

On November 18, 2020, Defendant Kukulu, Inc. filed its CROSSCLAIM against JPL Hawaii and Brian Anderson.  (ECF No. 54-2).

Also on November 18, 2020, Defendant Kukulu, Inc. filed its COUNTERCLAIM against Plaintiff Rompsen.  (ECF No. 54-1).

On December 14, 2020, the Parties filed a STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF KUKULU INVESTMENT FUND, which was ordered by the Court.  (ECF Nos. 67 and 68).

On October 21, 2021, Kukulu, Inc. filed a Notice of Dismissal Without Prejudice of Counts I and II of the Counterclaim against Romspen.  (ECF No. 134).

On October 25, 2021, Kukulu, Inc. filed a Motion for Summary Judgment against Romspen.  (ECF No. 135).

**ROMSPEN'S MOTION TO DISMISS IS DECIDED BY THIS ORDER:**

On October 25, 2021, Romspen filed a Motion to Dismiss Counts 3 and 4 of Kukulu, Inc.'s Counterclaim.  (ECF No. 137).

On November 5, 2021, the Court issued a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES.  (ECF No. 141).

On December 17, 2021, Kukulu, Inc. filed an Opposition to Romspen's Motion to Dismiss Counts III and IV in the Counterclaim.  (ECF No. 155).

On January 21, 2022, Romspen filed its Reply.  (ECF No. 165).

On March 16, 2022, the Court held a hearing on Romspen's Motion to Dismiss and Kukulu, Inc.'s Motion for Summary Judgment. (ECF No. 176).  The decision on Kukulu, Inc.'s Motion for Summary Judgment shall be provided in a separate written order.

## BACKGROUND

**ALLEGATIONS IN THE FIRST AMENDED COMPLAINT:**

Plaintiff/Counter-Defendant Romspen Investment Corporation ("Romspen") filed a First Amended Complaint against Defendant JPL Hawaii, LLC, Defendant/Counter-Claimant Kukulu, Inc., and various other Defendants seeking a decree of foreclosure for real property located on the Island of Hawaii.  (First Amended Complaint ("FAC"), ECF No. 12).

**Original Loans Between Romspen and JPL Hawaii**

In October 2015, JPL Hawaii, LLC ("JPL Hawaii") executed a Note, in the amount of $16,300,000 in favor of Romspen, to obtain a Loan to develop certain parcels of real property on the Island of Hawaii.  (FAC at ¶¶ 12-14, ECF No. 12).

The Loan was secured by a Mortgage in favor of Romspen. (Id. at ¶ 17(a)).  Romspen asserts that Defendants Brian Anderson and Iolani Islander, LLC made and executed a Guaranty in favor of Romspen under which each guaranteed the Note.  (Id. at ¶ 15-16).

5

JPL Hawaii's Note was secured by the Mortgage and by an Assignment of Sales Contracts and Proceeds, dated October 19, 2015, made in favor of Romspen.  (Id. at ¶ 17(e)).

**The Complaint Alleges There Were Three Amendments to the Original Loan Agreement Between Romspen and JPL Hawaii**

In February 2017, Romspen and JPL Hawaii executed a First Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $7,200,000.  (Id. at ¶¶ 18-20, 23).

In October 2017, Romspen and JPL Hawaii executed a Second Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $2,500,000.  (Id. at ¶¶ 25-27, 30).

In October 2018, Romspen and JPL Hawaii executed a Third Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $6,707,000.  (Id. at ¶¶ 31-33, 36).

According to the First Amended Complaint, Romspen loaned a total of $32,707,000 to JPL Hawaii for the Subject Property. (Id. at ¶¶ 14, 18, 25, 31-32).

**ALLEGATIONS IN THE COUNTERCLAIM:**

Kukulu, Inc. filed a Counterclaim against Romspen, seeking damages for its development and work relating to Lot 2 and Lot 5. (Tax Map Key No. (3) 6-9-013-002 and Tax Map Key No. (3) 6-9-013-005; Counterclaim, ECF No. 54-1).

**Two Development Agreements Between JPL Hawaii and Kukulu Investment Fund**

On August 28, 2018, JPL Hawaii entered into two Development Agreements with Kukulu Investment Fund: one for Lot 2 and one for Lot 5. (Development Agreement for Lot 2, at pp. 20-25, ECF No. 137-3; Development Agreement for Lot 5, at pp. 28-33, ECF No. 137-4).

The Development Agreements called for Kukulu Investment Fund to build a Spec House on Lot 2 and another on Lot 5. JPL Hawaii owned the Lots. JPL Hawaii and Kukulu Investment Fund agreed that upon completion of construction, each property would be sold for no less than $2.1 million dollars. (Id.)

**Two Sales Agreements Between JPL Hawaii and Kukulu Investment Fund**

On September 21, 2018, a month after JPL Hawaii and Kukulu Investment Fund entered into the two Development Agreements, they entered into two Agreements of Sale for each Lot 2 and Lot 5 ("Sales Agreements"). (Agreement of Sale for Lot 2, at pp. 1-19, ECF No. 137-3; Agreement of Sale for Lot 5, at pp. 1-27, ECF No. 137-4).

Each Sales Agreement memorialized the sale of a Lot to Kukulu Investment Fund for $599,999. Payment was due 48 months later. (Id.)

**Substitution of Kukulu, Inc. for Kukulu Investment Fund in Both the Two Development Agreements and the Two Sales Agreements**

On October 29, 2020, JPL Hawaii and Kukulu Investment Fund entered into an agreement to modify their two Development Agreements and two Sales Agreements. (Correction and Amendment of Agreements of Sale ("Kukulu Inc. Substitution Amendment"), recorded on October 29, 2020, with an effective date of January 9, 2020, ECF No. 137-5).

Kukulu, Inc. was substituted for Kukulu Investment Fund as the contracting party with JPL Hawaii as to all four Agreements, with an effective date of January 9, 2020. (Id.)

**Partial Settlement**

On April 30, 2021, Romspen, JPL Hawaii, and Kukulu, Inc. executed a PARTIAL SETTLEMENT AGREEMENT REGARDING SALE OF LOTS 2 AND 5. (Partial Settlement Agreement, ECF No. 136-7).

In the Partial Settlement, the Parties agreed that Lot 2 and Lot 5 would be marketed and sold separately and apart from the rest of the Subject Property at issue in Romspen's Complaint for Foreclosure. (Id. at p. 2).

On November 5, 2021, a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES was entered. (ECF No. 141).

In the Order, the Court recognized the Parties' agreement that Lot 2 and Lot 5 would be marketed and sold separately and apart from the rest of the mortgaged property and were not subject to foreclosure.  (Id. at ¶¶ 34-35).

The Parties agree that following the Partial Settlement and Stipulated Order, Lot 2 and Lot 5 were each sold to a third-party buyer.

On August 23, 2021, Lot 2 was sold for $2,550,000, and Romspen released its liens on the Lot.  (ECF No. 167).

On October 27, 2021, Lot 5 was sold for $2,600,000, and Romspen released its liens on the Lot.  (Id.)

Kukulu, Inc. now seeks money damages from Romspen for their interests in Lot 2 and Lot 5.

**Counterclaim Allegations About Romspen**

Kukulu, Inc. states it developed and constructed Spec Houses on both Lot 2 and Lot 5 "at a cost of hundreds of thousands of dollars each."  (Kukulu, Inc.'s Counterclaim at ¶ 9, ECF No. 54-1).

The Counterclaim asserts that Romspen knew or should have known that Kukulu, Inc. was developing and constructing Spec Houses on Lot 2 and Lot 5.  (Id. at ¶ 11).

In Counts 3 and 4 of the Counterclaim, Kukulu, Inc. alleges that Counter-Defendant Romspen is liable for breach of contract. (Id. at pp. 9-11).

Kukulu, Inc. asserts that in October 2015, Romspen entered into an agreement with JPL Hawaii for the Assignment of Sales Contracts and Proceeds relating to the Subject Property, which included Lot 2 and Lot 5.  Kukulu, Inc. states that Romspen is liable to it for JPL Hawaii's obligations relating to Lot 2 and Lot 5 because of the Assignment that JPL Hawaii made to Romspen. (Id. at ¶¶ 35-36).

**Romspen's Motion to Dismiss**

Romspen seeks to dismiss Counts 3 and 4 for breach of contract in Kukulu, Inc.'s Counterclaim.  Romspen argues that Kukulu, Inc. has no standing to bring Counts 3 and 4 because there was never a contract between Romspen and Kukulu, Inc.

Romspen also asserts that there is no contractual privity between Romspen and Kukulu, Inc. that would allow Kukulu, Inc. to assert a claim of breach of contract against it.

<u>**STANDARD OF REVIEW**</u>

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory

10

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

## I.   ROMSPEN'S REQUEST FOR JUDICIAL NOTICE

The Court may consider documents that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Counter-Defendant Romspen Investment Corporation ("Romspen") requests that the Court take judicial notice of five documents attached to its Motion to Dismiss Counts III and IV in the Counterclaim:

(1)  Exhibit 1, the September 21, 2018, **Agreement of Sale for Lot 2** between Kukulu Investment Fund and JPL Hawaii ("Lot 2 Agreement of Sale"), which includes the August 28, 2018 **Development Agreement for Lot 2** between Kukulu Investment Fund and JPL Hawaii ("Lot 2 Development Agreement"), ECF No. 137-3;

(2)  Exhibit 2, the September 21, 2018, **Agreement of Sale for Lot 5** between Kukulu Investment Fund and JPL Hawaii ("Lot 5 Agreement of Sale"), which includes the August 28, 2018 **Development Agreement for Lot 5** between Kukulu Investment Fund and JPL Hawaii ("Lot 5 Development Agreement"), ECF No. 137-4;

(3)  Exhibit 3, the January 9, 2020 **Correction and Amendment of Agreements of Sale** whereby Counter-Claimant Kukulu, Inc. was substituted for Kukulu Investment Fund in the Agreements of Sale for Lots 2 and 5 with JPL Hawaii ("Kukulu Inc. Substitution Amendment"), ECF No. 137-5;

(4)  Exhibit 4, the August 19, 2020 **Amendment of Agreement of Sale for Lot 2** between Kukulu, Inc. and JPL Hawaii ("Lot 2 Amendment"), ECF No. 137-6; and,

(5)  Exhibit 5, the August 19, 2020 **Amendment of Agreement of Sale for Lot 5** between Kukulu, Inc. and JPL Hawaii ("Lot 5 Amendment"), ECF No. 137-7.

Exhibits 1-5 were recorded in the Hawaii Bureau of Conveyances and are publicly available documents.  Documents filed in the Hawaii Bureau of Conveyances are subject to judicial notice pursuant to Fed. R. Evid. 201.  Bank of New York Mellon v. Perry, 2018 WL 4345253, *1 n.1 (D. Haw. Sept. 11, 2018) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)).

12

Exhibits 1-5 may be reviewed by the Court in adjudicating Counter-Defendant Romspen's Motion to Dismiss.

Romspen's Request for Judicial Notice of Exhibits 1-5 attached to its Motion to Dismiss is **GRANTED**.

## II. KUKULU, INC.'S REQUEST FOR JUDICIAL NOTICE

The Court may consider exhibits attached to the Complaint and documents whose contents are incorporated by reference in the Complaint without converting a motion to dismiss to a motion for summary judgment.  <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1160 (9th Cir. 2012).

Counter-Claimant Kukulu, Inc. requests that the Court take judicial notice of two documents attached to its Opposition to Counter-Defendant Romspen's Motion to Dismiss Counts III and IV in the Counterclaim:

(1) <u>Exhibit A</u>, the October 19, 2015 **Loan Agreement** between JPL Hawaii and Romspen Investment Corporation, attached to the First Amended Complaint and referenced in paragraph 19 of the Counterclaim, ("Romspen and JPL Loan Agreement"), ECF No. 155-2; and,

(2) <u>Exhibit B</u>, the October 19, 2015 **Assignment of Sales Contracts and Proceeds Agreement** between JPL Hawaii and Romspen Investment Corporation, attached to the First Amended Complaint and referenced in paragraph 35 of the Counterclaim ("Romspen and JPL Assignment of Sales Contracts"), ECF No. 155-3.

Exhibits A and B are incorporated by reference in the Counterclaim. (Counterclaim at ¶¶ 19, 35, ECF No. 54-1). Exhibits A and B may be reviewed by the Court in adjudicating Counter-Defendant Romspen's Motion to Dismiss.

Counter-Claimant Kukulu, Inc.'s Judicial Notice as to Exhibits A and B is **GRANTED**.

## III. THE SETTLEMENT AGREEMENT AND ORDER

The Court record contains the following pleadings, filings, and Court orders:

(1) **Partial Settlement Agreement:** On April 30, 2021, Romspen, JPL Hawaii, and Kukulu, Inc. executed a PARTIAL SETTLEMENT AGREEMENT REGARDING SALE OF LOTS 2 AND 5. (ECF No. 136-7).

(2) **Court's Order Of Foreclosure:** On November 5, 2021, the Court issued a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES. (ECF No. 141).

## IV. COUNTER-DEFENDANT ROMSPEN'S MOTION TO DISMISS COUNTS III AND IV FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

To state a claim for breach of contract, Counter-Claimant Kukulu, Inc. must plausibly allege:

(1)  the contract at issue;

(2)  the parties to the contract;

(3)  whether the parties performed under the contract;

(4)  the particular provision of the contract allegedly violated;

(5)  when and how Romspen allegedly breached the contract; and,

(6)  how Kukulu, Inc. was injured.

Arc in Hawaii v. DB Ins. Co., Ltd., 544 F.Supp.3d 1014, 1022 (D. Haw. 2021).

14

**A.      Contracts At Issue**

**1.    Two Development Agreements Between Kukulu, Inc. and JPL Hawaii**

On August 28, 2018, JPL Hawaii entered into two Development Agreements with Kukulu Investment Fund with respect to each Lot 2 and Lot 5.  (Development Agreement for Lot 2, at pp. 20-25, attached as Ex. 1 to Romspen's Motion to Dismiss, ECF No. 137-3; Development Agreement for Lot 5, at pp. 28-33, attached as Ex. 2 to Romspen's Motion to Dismiss, ECF No. 137-4).

The two Development Agreements were entered into for Kukulu Investment Fund to build a Spec House each on Lot 2 and on Lot 5. Each Lot was owned by JPL Hawaii.

Pursuant to Romspen's request, the Court takes judicial notice that Kukulu, Inc. was subsequently substituted for Kukulu Investment Fund in the two Development Agreements, along with the two Sales Agreements, with an effective date of January 9, 2020. (See Kukulu Inc. Substitution Amendment, recorded on October 29, 2020 with an effective date of January 9, 2020, attached as Ex. 3 to Romspen's Motion to Dismiss, ECF No. 137-5).

Romspen is not a party to the two Development Agreements. Romspen is not a signatory to the Development Agreements and there is no allegations or evidence that Romspen was involved in drafting, negotiating, or participating in the Development Agreements.

15

### 2.   Two Sales Agreements Between JPL Hawaii and Kukulu Investment Fund

On September 21, 2018, JPL Hawaii entered into two Agreements of Sale ("Sales Agreements") with Kukulu Investment Fund.  (Agreement of Sale for Lot 2, at pp. 1-19, attached as Ex. 1 to Romspen's Motion to Dismiss, ECF No. 137-3; Agreement of Sale for Lot 5, at pp. 1-27, attached as Ex. 2 to Romspen's Motion to Dismiss, ECF No. 137-4).

One Sales Agreement sold Lot 2 and the other Sales Agreement sold Lot 5 to Kukulu Investment Fund for $599,999 each.  (Id.)

Pursuant to Romspen's request, the Court takes judicial notice that Kukulu, Inc. was subsequently substituted for Kukulu Investment Fund in the two Development Agreements, along with the two Sales Agreements, with an effective date of January 9, 2020. (See Kukulu Inc. Substitution Amendment, recorded on October 29, 2020 with an effective date of January 9, 2020, attached as Ex. 3 to Romspen's Motion to Dismiss, ECF No. 137-5).

Romspen was not a party to the two Sales Agreements. Romspen is not a signatory to the Sales Agreements and there are no allegations or evidence that Romspen was involved in drafting, negotiating, or participating in the Sales Agreements.

### 3.   Assignment of the Sales Contracts and Proceeds Agreement between JPL Hawaii and Romspen

On October 19, 2015, Romspen and JPL Hawaii entered into an Assignment of Sales Contract and Proceeds relating to the Subject

16

Property, which included Lot 2 and Lot 5.  (Romspen and JPL Assignment of Sales Contracts and Proceeds at p. 3, attached as Ex. B to Kukulu, Inc.'s Opp., ECF No. 155-3).  The Assignment conveyed JPL Hawaii's right to any proceeds it derived from Sales Contracts including any for Lot 2 and Lot 5.  (Id.)

**B.   There Is No Privity In Contract Between Romspen and Kukulu, Inc.**

A breach of contract claim requires that the parties be in privity of contract.  Peters v. Lexington Ins. Co., 836 F.Supp.2d 1117, 1123 (D. Haw. 2011) (citing Hunt v. First Ins. Co. of Haw., Ltd., 922 P.2d 976, 980 (Haw. App. 1996)).

Here, Romspen and Kukulu, Inc. never entered into a contract.  Kukulu, Inc. improperly seeks to hold Romspen liable for contracts that JPL Hawaii entered into with Kukulu Investment Fund.

**1.   Romspen Is Not Liable In Contract For The Two Development Agreements Between JPL Hawaii And Kukulu, Inc.**

Kukulu, Inc. asserts in its Counterclaim that the two August 2018 Development Agreements are valid, binding, enforceable contracts for which it seeks to hold Romspen liable for breach of contract.  (Counterclaim at ¶¶ 34, 37, ECF No. 54-1).

Romspen is not a party to the two Development Agreements. The Development Agreements were entered into between JPL Hawaii and Kukulu Investment Fund, for which Kukulu, Inc. was later

17

substituted as a party.

There is no privity of contract between Romspen and Kukulu, Inc. related to the two Development Agreements.  Kukulu, Inc. lacks standing to bring a breach of contract claim or request for specific performance under a contract for which there is no contractual privity.  <u>Peters</u>, 836 F.Supp.2d at 1123 (explaining that under Hawaii law, the parties must be in privity for there to be standing to bring a breach of contract claim).

### 2.   Romspen Is Not Liable In Contract For The Two Sales Agreements Between JPL Hawaii And Kukulu, Inc.

Just as with the two Development Agreements, Romspen is not a party to the two Sales Agreements.  The Sales Agreements were entered into between JPL Hawaii and Kukulu Investment Fund, for which Kukulu, Inc. was later substituted as a party.

There is no privity of contract between Romspen and Kukulu, Inc. related to the two Sales Agreements pursuant to which Kukulu, Inc. can bring a breach of contract claim.

### 3.   Romspen Is Not Liable In Contract To Kukulu, Inc. Pursuant To The Assignment Of Sales Contract And Proceeds That Romspen Entered Into With JPL Hawaii

Third-parties generally do not have enforceable contract rights unless they are intended third-party beneficiaries. <u>Velasco v. Sec. Nat. Mortg. Co.</u>, 823 F.Supp.2d 1061 (D. Haw. 2011).  "A third-party beneficiary is one for whose benefit a

promise is made in a contract but who is not a party to the contract." Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 167 P.3d 225, 262 (Haw. 2007).  In order to be considered a third-party beneficiary pursuant to Hawaii law, the parties to the contract must have intended to benefit the third-party and the third-party must be something more than a mere incidental beneficiary.  Pancakes of Hawaii, Inc. v. Pomare Props. Corp., 944 P.2d 97, 106 (Haw. App. 1997).

> **a.   Kukulu, Inc. Is Not A Third-Party Beneficiary To the Assignment of Sales Contracts And Proceeds**

Kukulu, Inc. is not mentioned in the October 19, 2015, Assignment of Sales Contracts and Proceeds entered into between Romspen and JPL Hawaii.  There is no basis to find that Kukulu, Inc. is an intended third-party beneficiary.

Kukulu, Inc. does not have standing to raise a breach of contract claim as a third-party beneficiary pursuant to the Assignment of Contracts and Proceeds.  It is not enough that the parties know, expect, or even intend to confer a benefit to a third-party.  The contract itself must affirmatively make clear the parties' intention to confer a benefit on a third-party in order for that party to have standing to raise a breach of contract claim.  Newtown Meadows, 167 P.3d at 263-4 (citing 155 Harbor Drive Condo. Assoc. v. Harbor Point Inc., 568 N.E.2d 365, 374-75 (Ill. App. 1991)).

    **b.** **The Plain Language Of The Assignment Of Sales Contracts And Proceeds Demonstrates That Rompsen Is Not Liable In Contract For Any Obligations Of JPL Hawaii In The Agreements Of Sale**

Kukulu, Inc. argues in its Opposition to Romspen's Motion that the Court must deny the Motion to Dismiss because Kukulu, Inc. has asserted in the Counterclaim that Romspen is liable under the Assignment of Sales Contracts and Proceeds. The Court is not bound by erroneous legal conclusions stated in the Counterclaim. The construction and legal effect to be given a contract is a question of law decided by the Court. Sung v. Hamilton, 710 F.Supp.2d 1036, 1057 (D. Haw. 2010); see Damon Key Leong Kupchak Hastert v. Westport Ins. Corp., 421 F.Supp.3d 946, 953-54 (D. Haw. 2019).

The Court is able to review the legal effect of the Assignment of Sales Contracts and Proceeds without converting the Motion to a Motion for Summary Judgment. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).

The plain and unambiguous language in the Assignment of Contracts and Proceeds expressly states that JPL Hawaii's obligations under any Sales Contracts are not assigned or conveyed to Romspen. (Romspen and JPL Assignment of Sales Contracts and Proceeds at p. 3, attached as Ex. B to Kukulu, Inc.'s Opp., ECF No. 155-3). The Assignment provides:

> [JPL Hawaii] will fully and faithfully abide by, observe, discharge, and perform all of the material terms, obligations, covenants, conditions, agreements

and warranties required to be observed and performed by [JPL Hawaii] under the Sales Contracts, and will give prompt notice to [Romspen] of any default by [JPL Hawaii] thereunder, together with an accurate and complete copy of any notice received by [JPL Hawaii] thereunder.

(Id.)

There is no ambiguity in the Assignment of Sales Contracts and Proceeds. The Assignment was made by JPL Hawaii in favor of Romspen in order to assign to Romspen, as security for repayment, the right, title, and interest of JPL Hawaii to:

(1)   the proceeds of the sales contracts covering the real property located known as Lot 1 of the Waikoloa Beach Resort – Phase VI;

(2)   any deposits, payments, and proceeds made pursuant to or derived from the sales contracts; and,

(3)   demand, collect, and receive any payments or proceeds from the sales contracts.

(Id. at p. 2).

The existence of a security interest, without more, does not subject a secured party to liability in contract. See Haw. Rev. Stat. § 490:9-402; Restatement (Second) of Contracts § 328; see Twin City Shipyard, Inc. v. United States, 21 Cl.Ct. 582, 588 (Ct. Fed. Cl. 1990) (explaining that a valid assignment of contract proceeds, standing alone, does not create privity of contract between the assignee and the contractor).

An assignee who receives the proceeds of the contract as security for money loaned does not become a party to the original contract or obligate himself to perform the work of the contract as pledged by the assignor. Black v. Sullivan, 122 Cal.Rprtr.

21

119, 124 (Cal. App. 1975) (citing Stone v. Owens, 38 P. 726, 728 (Cal. 1894)).

The Assignment of Sales Contracts and Proceeds does not confer standing upon Kukulu, Inc. to bring a breach of contract claim or request for specific performance against Romspen related to the two Development Agreements or two Sales Agreements. Peters, 836 F.Supp.2d at 1123.

Counter-Defendant Romspen Investment Corporation's Motion to Dismiss Counts III and IV of Counter-Claimant Kukulu, Inc.'s Counterclaim (ECF No. 137) is **GRANTED.**

Leave to amend the Counterclaim as to Counts III and IV would be futile as there is no contractual privity between Romspen and Kukulu, Inc., and Kukulu, Inc. is unable to prevail on its breach of contract claims as a matter of law.  See Perez v. Mortg. Elec. Registration Sys., Inc., 959 F.3d 334, 340-41 (9th Cir. 2020).


**V.     REMAINING COUNTS IN THE COUNTERCLAIM**

Kukulu, Inc.'s Counterclaim contains Counts I through X.

**A.    Counts I and II Were Dismissed**

Counts I and II of the Counterclaim were dismissed.  (Notice of Dismissal Without Prejudice of Counts I and II of the Counterclaim against Counter-Defendant Romspen, ECF No. 134).

**B.    Counts III and IV Are Dismissed**

Counts III and IV are dismissed pursuant to this Order.

**C.    Counts V, VI, VII, and IX Are Moot**

Count V (Quiet Title), Count VI (Declaratory Relief), Count VII (Injunctive Relief), and Count IX (Estoppel) are not subject to Counter-Defendant Romspen's Motion to Dismiss, but they appear to be moot because the Parties agree that Lot 2 and Lot 5 were sold and the liens against them held by Romspen were expunged.

**D.    Count X Fails To State A Claim**

Count X (Misrepresentation) appears to fail as a matter of law because there are no allegations that Romspen ever made any representations to Kukulu, Inc.  See Maeda v. Pinnacle Foods, Inc., 390 F.Supp.3d 1231, 1255-57 (D. Haw. 2019) (setting forth the elements for fraud, intentional misrepresentation, and negligent misrepresentation and explaining that each requires the defendant to make a misrepresentation or provide false information about a material fact).

**E.    Count VIII For Unjust Enrichment Remains For Trial**

The only remaining count is Count VIII (Unjust Enrichment/Quantum Meruit).  (Counterclaim at pp. 13-14, ECF No. 54-1).

Pursuant to Hawaii law, a claim for unjust enrichment

requires that a plaintiff prove that it conferred a benefit upon the defendant and that the retention of that benefit would be unjust.  <u>Porter v. Hu</u>, 169 P.3d 994, 1007 (Haw. App. 2007). Unjust enrichment is available when there is no adequate remedy available at law.  <u>Id.</u>

Here, the Court has found that no breach of contract claim is available at law, which allows for Kukulu, Inc. to pursue its claim for unjust enrichment against Romspen.

Kukulu, Inc. has sufficiently stated a claim for unjust enrichment.  Kukulu, Inc. alleges that it conferred a benefit upon Romspen when it built a Spec House on both Lot 2 and Lot 5, and states it made improvements to the Lots.  (Counterclaim at ¶ 59, ECF No. 54-1).  Kukulu, Inc. asserts that while Romspen benefitted from the improvements which Kukulu, Inc. made to the Lots, Kukulu, Inc. has not been reasonably compensated for its services, labor, materials, and supplies that it used to confer the benefit.  (<u>Id.</u> at ¶¶ 61-62).  Kukulu, Inc. asserts that unless it is compensated, Romspen will be unjustly enriched. (<u>Id.</u> at ¶ 62).

Count VIII for Unjust Enrichment as alleged in the Counterclaim remains for a bench trial, as it is an equitable claim.

**CONCLUSION**

Counter-Defendant Romspen Investment Corporation's Motion to Dismiss Counts III and IV of Counter-Claimant Kukulu, Inc.'s Counterclaim (ECF No. 137) is **GRANTED.**

IT IS SO ORDERED.

DATED: April 14, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Romspen Investment Corp. v. JPL Hawaii, LLC, et. al., Civ. No. 20-00345 HG-RT; **ORDER GRANTING COUNTER-DEFENDANT ROMSPEN INVESTMENT CORPORATION'S MOTION TO DISMISS COUNTS III AND IV OF COUNTER-CLAIMANT KUKULU, INC.'S COUNTERCLAIM (ECF No. 137)**