```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

ROMSPEN INVESTMENT CORPORATION,)   CIV. NO. 20-00345 HG-RT
                               )
              Plaintiff,       )
                               )
         vs.                   )
                               )
JPL HAWAII, LLC; BRIAN         )
ANDERSON; IOLANI ISLANDER, LLC;)
SUPERIOR INVESTMENTS XIX, INC.;)
DOMINIS ANDERSON, AS TRUSTEE,  )
under certain trust agreement  )
dated May 14, 2018, and known  )
as the GC Irrevocable Trust and)
under that certain trust       )
agreement dated May 14, 2018,  )
and known as the BC Irrevocable)
Trust; KUKULU, INC.,           )
                               )
              Defendants.      )
_____ )
                               )
SUPERIOR INVESTMENTS XIX, INC.,)
                               )
              Cross-Claimant,  )
                               )
         vs.                   )
                               )
DOMINIS ANDERSON, AS TRUSTEE,  )
under certain trust agreement  )
dated May 14, 2018, and known  )
as the GC Irrevocable Trust and)
under that certain trust       )
agreement dated May 14, 2018,  )
and known as the BC Irrevocable)
Trust; JPL HAWAII, LLC,        )
                               )
              Cross-Defendants.)
_____ )
                               )
KUKULU, INC.,                  )
                               )
              Cross-Claimant,  )
                               )
         vs.                   )
                               )
                               )
```

1

```
JPL HAWAII, LLC; BRIAN       )
ANDERSON,                    )
                             )
          Cross-Defendants.  )
_____)
                             )
                             )
KUKULU, INC.,                )
                             )
          Counter-Claimant,  )
                             )
     vs.                     )
                             )
ROMSPEN INVESTMENT CORPORATION,)
                             )
                             )
          Counter-Defendant. )
                             )
_____)
```

**ORDER DENYING DEFENDANT KUKULU, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ROMSPEN INVESTMENT CORPORATION (ECF No. 135)**

On August 26, 2020, Plaintiff Romspen Investment Corporation ("Romspen") filed the First Amended Complaint seeking a decree of foreclosure for certain real property located on the Island of Hawaii ("Subject Property").

Beginning in October 2015, Romspen made a series of loans to Defendant JPL Hawaii, related to the Subject Property.  Romspen made loans to JPL Hawaii totaling more than $32 million dollars.

JPL Hawaii defaulted on the loans and Romspen sought foreclosure of the Subject Property.

Defendant Kukulu, Inc. ("Kukulu, Inc.") was named as one of the defendants in the First Amended Complaint because Kukulu, Inc. had entered into two Development Agreements with JPL Hawaii to build Spec Houses on Lot 2 and Lot 5 of the Subject Property.

2

Kukulu, Inc. also entered into two Sales Agreements to purchase Lot 2 and Lot 5 from JPL Hawaii.

In the First Amended Complaint, Romspen asked the Court to issue a decree of foreclosure on the Subject Property, to determine the amount of money owed to Romspen as a result of JPL Hawaii's default, to appoint a Foreclosure Commissioner to sell the Subject Property, and for the Court to determine the priority of the Parties' interests in the proceeds of the foreclosure sale.

During the proceedings, Romspen, JPL Hawaii, and Kukulu, Inc. entered into an agreement to exclude Lot 2 and Lot 5 from the foreclosure. The Parties signed a Partial Settlement Agreement and agreed that Lot 2 and Lot 5 would be marketed and sold separately and apart from the rest of the Subject Property to a third-party buyer.

On November 5, 2021, a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES was entered.

On August 23, 2021, Lot 2 was sold to a third-party buyer for $2,550,000, and Romspen released its liens on the Lot.

On October 27, 2021, Lot 5 was sold to a third-party buyer for $2,600,000, and Romspen released its liens on the Lot.

Lot 2 and Lot 5 are not subject to foreclosure and have now

been sold to third-party buyers. Kukulu, Inc. and Romspen dispute numerous material facts regarding the entitlement to the proceeds from the sales of Lot 2 and Lot 5.

Defendant Kukulu, Inc. filed a Motion for Summary Judgment. Kukulu, Inc. requests that the Court rule that Kukulu, Inc.'s interest in the proceeds from the sales of Lot 2 and Lot 5 are senior and superior to Romspen's interests and asks the Court to award it the proceeds.

Romspen opposes Kukulu, Inc.'s Motion.

The Court finds that there are genuine issues of material fact concerning the proceeds of the sales that prevent summary judgment.

Defendant Kukulu, Inc.'s Motion for Summary Judgment (ECF No. 135) is **DENIED**.

## PROCEDURAL HISTORY

On August 26, 2020, Plaintiff Romspen filed its FIRST AMENDED COMPLAINT. (First Amended Complaint, ECF No. 12).

On October 20, 2020, Defendant Superior Investments XIX, Inc. filed its CROSSCLAIM against JPL Hawaii and Dominis Anderson. (ECF No. 43).

On November 18, 2020, Defendant Kukulu, Inc. filed its CROSSCLAIM against JPL Hawaii and Brian Anderson. (ECF No. 54-2).

Also on November 18, 2020, Defendant Kukulu, Inc. filed its

COUNTERCLAIM against Plaintiff Rompsen.  (ECF No. 54-1).

On December 14, 2020, Kukulu Investment Fund was dismissed as a party to the case.  (ECF Nos. 67 and 68).

**KUKULU, INC.'S MOTION FOR SUMMARY JUDGMENT IS DECIDED BY THIS ORDER:**

On October 25, 2021, Kukulu, Inc. filed a Motion for Summary Judgment against Romspen.  (ECF No. 135).

On November 5, 2021, the Parties agreed to a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES.  (ECF No. 141).

On December 17, 2021, Romspen filed an Opposition to Kukulu, Inc.'s Motion for Summary Judgment.  (ECF No. 156).

On January 21, 2022, Kukulu, Inc. filed its Reply.  (ECF No. 166).

On March 16, 2022, the Court held a hearing on Kukulu, Inc.'s Motion for Summary Judgment at the same time as the hearing on Romspen's Motion to Dismiss Counts III and IV in the Counterclaim.  (ECF No. 176).

## BACKGROUND

On August 26, 2020, Plaintiff Romspen Investment Corporation ("Romspen") filed a First Amended Complaint against Defendant JPL Hawaii, LLC, Defendant Kukulu, Inc., and various other Defendants

5

seeking a decree of foreclosure for real property located on the Island of Hawaii. (First Amended Complaint ("FAC"), ECF No. 12).

**Original Loan Between Romspen and JPL Hawaii**

In October 2015, JPL Hawaii, LLC ("JPL Hawaii") executed a Note, in the amount of $16,300,000 in favor of Romspen, to obtain a Loan to develop certain parcels of real property on the Island of Hawaii. (Loan Agreement, attached as Ex. 1 to Pl.'s Concise Statement of Facts ("CSF") in Opp., ECF No. 157-3).

The Loan was secured by a Note and a Mortgage in favor of Romspen. (Promissory Note, attached as Ex. 2 to Pl.'s CSF in Opp., ECF No. 157-4; Mortgage, attached as Ex. 3 to Pl.'s CSF in Opp., ECF No. 157-5). Defendants Brian Anderson and Iolani Islander, LLC made and executed a Guaranty in favor of Romspen under which each guaranteed the Note.

JPL Hawaii secured repayment of the Note by the Mortgage in addition to an Assignment of Sales Contracts and Proceeds, dated October 19, 2015, made in favor of Romspen. (Assignment of Sales Contracts and Proceeds, attached as Ex. 4 to Pl.'s CSF in Opp., ECF No. 157-6).

**Three Amendments to the Original Loan Agreement Between Romspen and JPL Hawaii**

Romspen and JPL executed three separate amendments to the original Loan Agreement.

In February 2017, Romspen and JPL Hawaii executed a First

6

Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $7,200,000.  (First Amended Loan Agreement, Mortgage, and Assignment, attached as Exs. 5, 6, and 7, to Pl.'s CSF in Opp., ECF No. 157-7, 157-8, 157-9).

In October 2017, Romspen and JPL Hawaii executed a Second Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $2,500,000. (Second Amended Loan Agreement, Mortgage, and Assignment, attached as Exs. 8, 9, and 10, to Pl.'s CSF in Opp., ECF No. 157-10, 157-11, 157-12).

In October 2018, Romspen and JPL Hawaii executed a Third Amended Loan Agreement, with Romspen making an additional loan to JPL Hawaii for $6,707,000. (Third Amended Loan Agreement, Note, Mortgage, and Assignment, attached as Ex. 11, 12, 13, and 14, to Pl.'s CSF in Opp., ECF No. 157-13, 157-14, 157-15, 157-16).

**Two Development Agreements Between JPL Hawaii and Kukulu Investment Fund**

On August 28, 2018, JPL Hawaii entered into two Development Agreements with Kukulu Investment Fund with respect to Lot 2 and Lot 5.  (Development Agreement for Lot 2, at pp. 20-25, attached as Ex. 2 to Def.'s CSF, ECF No. 136-3; Development Agreement for Lot 5, at pp. 28-33, attached as Ex. 1 to Def.'s CSF, ECF No. 136-2).

The Development Agreements were entered into for Kukulu Investment Fund to build Spec Houses on Lot 2 and Lot 5.  JPL Hawaii and Kukulu Investment Fund agreed that upon completion of

7

construction, each Lot would be sold for no less than $2.1 million dollars.  (Id.)

**Two Sales Agreements Between JPL Hawaii and Kukulu Investment Fund**

On September 21, 2018, a month after JPL Hawaii and Kukulu Investment Fund entered into the Development Agreements, JPL Hawaii entered into two more agreements.  They entered into two Agreements of Sale with Kukulu Investment Fund respectively for Lot 2 and Lot 5 ("Sales Agreements").  (Agreement of Sale for Lot 2, at pp. 1-19, attached as Ex. 2 to Def.'s CSF, ECF No. 136-3; Agreement of Sale for Lot 5, at pp. 1-27, attached as Ex. 1 to Def.'s CSF, ECF No. 136-2).

The Sales Agreements sold Lot 2 and Lot 5 to Kukulu Investment Fund for $599,999 each.  Payment was due in 48 months.  (Id.)

**Substitution of Kukulu, Inc. for Kukulu Investment Fund in the Development Agreements and Sales Agreements**

On October 29, 2020, JPL Hawaii and Kukulu Investment Fund recorded a modification of their two Development Agreements and two Sales Agreements.  Defendant/Counter-Claimant Kukulu, Inc. was substituted for Kukulu Investment Fund as the contracting party with JPL Hawaii as to the Development Agreements and the Sales Agreements regarding Lot 2 and Lot 5.  (Correction and Amendment of Agreements of Sale and Development Agreements,

8

recorded on October 29, 2020, with an effective date of January 9, 2020, attached as Ex. 3 to Def.'s CSF, ECF No. 136-4).

**Partial Settlement**

On April 30, 2021, Romspen, JPL Hawaii, and Kukulu, Inc. executed a PARTIAL SETTLEMENT AGREEMENT REGARDING SALE OF LOTS 2 AND 5.  (Partial Settlement Agreement, attached as Ex. 6 to Def.'s CSF, ECF No. 136-7).

In the Partial Settlement, the Parties agreed that Lot 2 and Lot 5 would be marketed and sold separately and apart from the rest of the Subject Property at issue in Romspen's First Amended Complaint for Foreclosure.  (Id. at p. 2).

The Partial Settlement provides that partial payment would be made to Rompsen and that reimbursement for construction costs would be paid to Kukulu, Inc., but that the remaining proceeds would be held in escrow with the Parties reserving their rights to all claims, defenses, and arguments as to the entitlement to the remaining proceeds from the sales.  (Id. at p. 3).

On November 5, 2021, a STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF ROMSPEN INVESTMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES was entered.  (ECF No. 141).

On August 23, 2021, Lot 2 was sold for $2,550,000.  (Def.'s CSF in Reply at ¶ 1, ECF No. 167).

9

On October 27, 2021, Lot 5 was sold for $2,600,000.  (Id. at ¶ 2).

The Parties dispute numerous material facts regarding the Parties' rights to the proceeds of the sales of Lot 2 and Lot 5, including the origin of either Party's entitlement to the proceeds, the priority of any interest in the proceeds, and the apportionment of the proceeds.  The genuine issues of material fact regarding the proceeds prevent a ruling by summary judgment.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the

burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477 U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on

its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."  Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### I.  Parties' Partial Settlement Agreement

On August 26, 2020, Plaintiff Romspen Investment Corporation ("Romspen") filed the First Amended Complaint seeking a decree of foreclosure for the Subject Property against Defendants Kukulu, Inc., JPL Hawaii LLC, and various other Defendants.  (ECF No. 12).

On April 30, 2021, Romspen and Defendants Kukulu, Inc. ("Kukulu, Inc.") and JPL Hawaii, LLC ("JPL Hawaii") entered into a PARTIAL SETTLEMENT AGREEMENT.  (Partial Settlement Agreement, attached as Ex. 6 to Def.'s CSF, ECF No. 136-7).

The Parties agreed that Lot 2 and Lot 5 should not be subject to foreclosure.  Defendant Kukulu, Inc. had contracted to

build Spec Houses on Lot 2 and Lot 5, and the Parties agreed that Lot 2 and Lot 5 would be sold to a third-party buyer rather than be subject to foreclosure with the rest of the Subject Property. (Id. at pp. 1-3).

The Partial Settlement Agreement set forth certain payment terms, as follows:

> 2.4 <u>Payment to Romspen</u>.  From the sale proceeds, Romspen will be paid $635,475 per lot for the partial releases to be provided in accordance with Paragraph 2.2 above.
> ...
> 2.6 <u>Reimbursement of Construction Costs to Kukulu</u>.  From the sale proceeds, Kukulu will be paid $900,000 per lot for construction costs subject to written verification of said costs...this provision respecting construction costs specifically reserves all rights of Kukulu to present further claim for reimbursement for yet uncompensated documented and verifiable construction costs.

The Parties agreed to hold the remaining proceeds in escrow, as follows:

> 2.7 <u>Remaining Proceeds Held in Escrow</u>.  Following payment out of escrow of the amounts set forth in Paragraphs 2.3, 2.4, 2.5, and 2.6 above, the remaining proceeds from the sale of Lot 2 and Lot 5 will be held in escrow under a separate escrow agreement between the Parties pending further agreement among the Parties or determination by the Court as to the disposition and payment of such remaining amounts....

The Parties also reserved their rights to make claims as to their interests in the remaining proceeds, as follows:

> 2.8 <u>Reservation of Rights, Arguments, Claims, and Defenses</u>.  Notwithstanding the disbursement of the payments provided ... above out of escrow upon closing of the sale of each of

13

>           Lot 2 and Lot 5, all Parties reserve any and
>           all rights, arguments, claims and/or defenses
>           that currently exist, including without
>           limitation those with respect to the
>           characterization and application of the above
>           payments.

(Id. at p. 3).

## II. Disputes Of Fact Prevent Summary Judgment

Defendant Kukulu, Inc. seeks summary judgment in its favor, requesting the Court find that it is entitled to the remaining proceeds from the sale.

The Court cannot make such a finding at this juncture. There are genuine issues of material fact in dispute regarding the proceeds of the sales, which are preserved by the Parties' April 30, 2021 Partial Settlement Agreement.

There are questions of fact as to the origin, timing, and validity of the Parties' interests in Lot 2 and Lot 5. There are questions as to the superiority, apportionment, and entitlement to the proceeds from the sales of Lot 2 and Lot 5.

Summary judgment is not appropriate. See Burmeister v. Cnty. of Kauai, 2018 WL 2392499, *5 (D. Haw. May 25, 2018) (explaining that questions as to the scope of the parties' settlement agreement and the parties' intent are questions of fact that prevent summary judgment, citing Wittig v. Allianz, A.G., 145 P.3d 738, 744-45 (Haw. App. 2006)).

As the Court set out in its Order ruling on Romspen's Motion to Dismiss, there are also questions as to Defendant Kukulu,

14

Inc.'s Counterclaim for Unjust Enrichment, which are intertwined with the questions regarding entitlement to the proceeds of the sales of Lot 2 and Lot 5.  These matters remain for trial.

**CONCLUSION**

Defendant Kukulu, Inc.'s Motion for Summary Judgment As To Plaintiff's First Amended Complaint (ECF No. 135) is **DENIED.**

IT IS SO ORDERED.

DATED: April 14, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Romspen Investment Corp. v. JPL Hawaii, LLC, et. al., Civ. No. 20-00345 HG-RT; **ORDER DENYING DEFENDANT KUKULU, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ROMSPEN INVESTMENT CORPORATION (ECF No. 135)**