IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROMSPEN INVESTMENT CORPORATION, | ) | CIV. NO. 20-00345 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JPL HAWAII, LLC; BRIAN ANDERSON; IOLANI ISLANDER, LLC; SUPERIOR INVESTMENTS XIX, INC.; DOMINIS ANDERSON, AS TRUSTEE, under certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust; KUKULU, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SUPERIOR INVESTMENTS XIX, INC., | ) | |
| | ) | |
| Cross-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOMINIS ANDERSON, AS TRUSTEE, under certain trust agreement dated May 14, 2018, and known as the GC Irrevocable Trust and under that certain trust agreement dated May 14, 2018, and known as the BC Irrevocable Trust; JPL HAWAII, LLC, | ) | |
| | ) | |
| Cross-Defendants. | ) | |
| _____ | ) | |
| | ) | |
| KUKULU, INC., | ) | |
| | ) | |
| Cross-Claimant, | ) | |
| | ) | |
| vs. | ) | |

1

```
JPL HAWAII, LLC; BRIAN        )
ANDERSON,                     )
                              )
          Cross-Defendants.   )
_____)
                              )
                              )
KUKULU, INC.,                 )
                              )
          Counter-Claimant,   )
                              )
     vs.                      )
                              )
ROMSPEN INVESTMENT CORPORATION,)
                              )
                              )
          Counter-Defendant.  )
                              )
_____)
```

**ORDER GRANTING COUNTER-DEFENDANT ROMSPEN INVESTMENT CORPORATION'S MOTION IN LIMINE NO. 1 TO PRECLUDE THE USE OF THE TWO OCTOBER 2021 APPRAISAL REPORTS AT TRIAL (ECF No. 215)**

The dispute at issue here is between Counter-Claimant Kukulu, Inc. ("Kukulu") and Counter-Defendant Romspen Investment Corporation ("Romspen") regarding two lots of property that were sold to third-parties. The matter is set for final pretrial on June 27, 2022.

Kukulu seeks to admit appraisal reports for the lots at trial. The appraisal reports were disclosed to Romspen on October 12, 2021, more than a month after the expert disclosure deadline.

On May 31, 2022, Romspen filed Motion in Limine No. 1 to preclude Kukulu from introducing the untimely appraisal reports at trial. (ECF No. 215).

On June 7, 2022, Kukulu filed its Opposition. (ECF No.

227).

On June 9, 2022, the Court held a hearing on Romspen's Motion in Limine No. 1.  (ECF No. 228).

Kukulu, Inc. is precluded from seeking to introduce the untimely appraisal reports at trial.

## BACKGROUND

The dispute between Romspen and Kukulu involves the proceeds of the sales of Lot 2 and Lot 5 located in the Ainamalu at Waikoloa Beach Resort development, on the Island of Hawaii.

**NOVEMBER 20, 2020 RULE 16 SCHEDULING ORDER**

On November 19, 2020, the Magistrate Judge held a Rule 16 Scheduling Conference.  (ECF No. 57).  On November 20, 2020, the Magistrate Judge issued the Rule 16 Scheduling Order.  (ECF No. 59).

In the Rule 16 Scheduling Order, Kukulu's deadline to disclose expert reports was September 8, 2021.  (ECF No. 59 at p. 3).

**APRIL 2021 PARTIAL SETTLEMENT**

On April 12, 2021, the Parties reached a partial settlement and agreed to sell Lot 2 and Lot 5 to third-party purchasers.  (ECF No. 93; Ex. 6 attached to MSJ, ECF No. 136).

**AUGUST AND OCTOBER 2021 SALES OF LOT 2 AND LOT 5**

On August 23, 2021, Lot 2 was sold to a third-party buyer for $2,550,000.  (Decl. of Joan Hunziker at ¶ 5, ECF No. 167-1).

On October 27, 2021, Lot 5 was sold to a third-party buyer for $2,600,000.  (Decl. of Joan Hunziker at ¶ 8, ECF No. 167-1).

**OCTOBER 12, 2021 DISCLOSURE OF APPRAISAL REPORTS BY KUKULU, INC.**

Between the sales of the two lots, on October 12, 2021, Kukulu disclosed to Romspen an appraisal report for each lot. (E-mail of Oct. 12, 2021 Kukulu Disclosure, attached as Ex. 1 to Romspen's MIL, ECF No. 215-3).  The appraisals were prepared by Abbe Boon Brustin as of October 10, 2021.  (Id.)

In the October 12, 2021 e-mail, counsel for Kukulu acknowledged that the deadline for disclosing expert reports had passed, and he requested that Romspen stipulate to extend the deadline.  (Id.)  Specifically, the e-mail from Kukulu stated:

> Pursuant to the Rule 16 Scheduling Order, expert disclosures for the Defendants were due on or before September 8, 2021....Kukulu requests that Romspen stipulate to extend the expert disclosure deadline to include these disclosures.  We respectfully request that you let us know as soon as possible.  If Romspen is not agreeable, Kukulu will need to file a motion and will request a LR 7.8 Pre-Filing Conference on or before October 18, 2021.

(Id.)

Romspen did not agree to stipulate to extend the deadline.

**NOVEMBER 2021 AMENDED RULE 16 SCHEDULING ORDER**

On November 22, 2021, the Magistrate Judge held a second Rule 16 Scheduling Conference.  (ECF No. 149).

The Magistrate Judge issued an AMENDED RULE 16 SCHEDULING ORDER that stated the deadline for expert disclosures was **CLOSED.**  (ECF No. 150).

Kukulu never filed a Motion to Amend the November 20, 2020 SCHEDULING ORDER or the November 22, 2021 AMENDED RULE 16 SCHEDULING ORDER.

Romspen seeks to preclude Kukulu from introducing the untimely appraisal reports.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose the identities of all expert witnesses. For expert witnesses who are retained to provide expert testimony, Rule 26(a)(2)(B) requires that the witness provide a report detailing their opinions.  For all other expert witnesses, the party must disclose the subject matter on which the witnesses is expected to present evidence and a summary of the facts and opinions about which the witness will testify.  Fed. R. Civ. P. 26(a)(2)(C).

If a party fails to disclose the required expert information, the party is not allowed to use that information at

5

trial or otherwise "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## **ANALYSIS**

### **I.   Kukulu, Inc.'s Appraisal Reports Were Untimely**

It is undisputed that the appraisal reports are expert reports which were required to be disclosed pursuant to Fed. R. Civ. P. 26(a).

It is also undisputed that the appraisal reports were untimely when Kukulu provided them to Romspen on October 12, 2021.

Counsel for Kukulu acknowledges that the appraisal reports were required to be disclosed by September 8, 2021. (E-mail from Kukulu, Inc. to Romspen Investment Corp., dated October 12, 2021, attached as Ex. 1 to Romspen's MIL, ECF No. 215-3). Kukulu did not disclose the appraisal reports until more than a month after the disclosure deadline.

In the October 12, 2021 disclosure, Kukulu requested that Romspen stipulate to extend the expert disclosure deadline, because if not "Kukulu will need to file a motion." (Id.)

Romspen did not stipulate to extend the expert disclosure deadline. Kukulu did not file a Motion to Amend the Rule 16 Scheduling Order.

On November 22, 2021, the Magistrate Judge held a second

6

Rule 16 Scheduling Conference.  (ECF No. 149).  The Magistrate Judge ruled that all expired deadlines, including the expert disclosure deadlines, were closed.  (ECF No. 150).  Kukulu did not seek to reopen the deadline.

Kukulu seeks to introduce the appraisal reports at trial, despite their untimely disclosure and its failure to file a motion to amend the scheduling order.

Romspen filed a Motion in Limine to preclude Kukulu from using the untimely appraisal reports at trial.

## II. Fed. R. Civ. P. 37(c)(1) Prevents A Party From Using Untimely Expert Disclosures At Trial Unless The Untimely Disclosure Was Substantially Justified Or Is Harmless

Federal Rule of Civil Procedure 37(c)(1) prevents a party from using untimely expert reports at trial unless the failure to timely disclose the information was substantially justified or harmless.

The Ninth Circuit Court of Appeals has explained that Rule 37(c)(1) is "self-executing" and "automatic" and is designed to provide a strong inducement for timely disclosure of expert reports.  Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011).  The burden is on the party subject to Rule 37(c) to prove its failure to comply with Rule 26(a) was substantially justified or harmless.  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

7

### III. Kukulu, Inc.'s Untimely Disclosures Were Not Substantially Justified Or Harmless

Courts look to four factors to determine whether an untimely disclosure was substantially justified or harmless:

(1) prejudice or surprise to the party against whom the evidence is offered;

(2) the ability of the party to cure the prejudice;

(3) the likelihood of disruption of the trial; and,

(4) bad faith or willfulness involved in not timely disclosing the evidence.

<u>Lanard Toys Ltd. v. Novelty, Inc.</u>, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

### A.   PREJUDICE OR SURPRISE TO ROMSPEN

The appraisal reports are relevant to the damages that Kukulu seeks for unjust enrichment. It wishes to provide a valuation of the properties at issue. Romspen is prejudiced by the late disclosure of the reports as it does not have an expert to rebut the appraisal reports.

It is well-settled that untimely disclosure of expert evidence prejudices a party when it violates the schedule set by the Court and precludes the opposing party from responding. <u>Wong v. Regents of Univ. of Cal.</u>, 410 F.3d 1052, 1062 (9th Cir. 2005).

Kukulu, Inc. provides no justification for its late disclosure or its failure to file a motion to alter the Court's scheduling order. Kukulu has not provided a basis for obtaining

8

the expert reports until after the expert deadline was already closed.

The October 12, 2021 disclosure was untimely, and it prejudiced Romspen. The prejudice of the untimely disclosure of the appraisal reports weighs in favor of excluding the reports.

### B.  ABILITY OF ROMSPEN TO CURE THE PREJUDICE AND DISRUPTION OF THE TRIAL

On November 22, 2021, the Magistrate Judge held a Second Rule 16 Scheduling Conference and set trial for June 28, 2022. (ECF No. 149). The Magistrate Judge ruled that the expert disclosure deadline was closed, and neither party sought to reopen any closed deadlines. (Id.) Kukulu never filed a Motion seeking to amend the Scheduling Order or to reopen the expert disclosure deadline.

On May 26, 2022, the Court informed the Parties that it intended to conduct the trial on Kukulu's counterclaim based on the papers, by stipulations, exhibits, and declarations. (ECF No. 212)

On May 31, 2022, Romspen filed its Motion in Limine regarding the untimely appraisal reports disclosed by Kukulu.

The Court held a hearing on the Motion on June 9, 2022. (ECF No. 228). Trial submissions were due beginning on June 14, 2022. (ECF No. 221).

There is no time for Romspen to cure the prejudice as a result of Kukulu's untimely disclosure without continuing the

trial.  At this late stage in the proceedings, Romspen cannot obtain its own expert to review the appraisals provided by Kukulu and to rebut Kukulu's reports.  Bal Seal Eng'g, Inc. v. Nelson Prods., Inc., 2019 WL 7865198, *4 (C.D. Cal. Oct. 17, 2019) (finding no ability to cure when discovery was closed and the parties were preparing for pretrial deadlines two months before trial); United States ex rel. Brown v. Celgene Corp., 2016 WL 6562065, *7 (C.D. Cal. Aug. 23, 2016) (excluding an untimely expert report because it contained a new damages theory that would complicate trial and prevent opposing counsel from rebutting the damages theory).

Any potential attempt to cure the untimely disclosure in this case would disrupt the Court's trial schedule and the parties' trial preparations.  These factors weigh in favor of excluding the reports.  Melczer v. Unum Life Ins. Co. of Am., 259 F.R.D. 433, 436 (D. Ariz. 2009) (explaining that the untimely disclosure would lead to increased costs and delay and inconvenience to the court).

### C.   BAD FAITH OR WILLFULNESS BY KUKULU, INC.

There is no evidence that Kukulu engaged in bad faith, however, there is evidence that Kukulu was aware that it failed to comply with the expert disclosure deadline and did not attempt to cure its deficiency.

The October 12, 2021 e-mail from Kukulu's counsel

acknowledges that the expert disclosure deadline had already passed when he disclosed the expert report to Romspen. The e-mail also states that Kukulu's counsel knew he needed to file a motion to amend the scheduling order or have Rompsen stipulate to amend the expert disclosure deadlines in order to allow for the admission of the appraisal reports at trial. Romspen did not agree to a stipulation, and Kukulu's counsel elected not to file a motion. In addition, Kukulu did not seek to alter the expert disclosure deadlines at the November 22, 2021 scheduling conference before the Magistrate Judge.

Rule 37(c)(1) was "intended to put teeth into" the mandatory expert disclosure requirements and exclusion of the appraisal reports in this case is appropriate. <u>Ollier v. Sweetwater Union High School Dist.</u>, 768 F.3d 843, 863 (9th Cir. 2014).

## <u>CONCLUSION</u>

Kukulu, Inc. is precluded from seeking to introduce the October 2021 appraisal reports at trial.

IT IS SO ORDERED.

DATED: June 15, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Romspen Investment Corp. v. JPL Hawaii, LLC, et. al.</u>, Civ. No. 20-00345 HG-RT; **ORDER GRANTING COUNTER-DEFENDANT ROMSPEN INVESTMENT CORPORATION'S MOTION IN LIMINE NO. 1 TO PRECLUDE THE USE OF THE TWO OCTOBER 2021 APPRAISAL REPORTS AT TRIAL (ECF No. 215)**

11